UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 31 2026

NATHAN OCHSNER
CLERK OF COURT

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

RAJPAL SINGH )
)
)
)
_____ )
*Petitioner* )
)
v. )   Case No. **B-26-362**
)
warden of PIDC; Carlos D. Cisneros Assistant field Office Director )   *(Supplied by Clerk of Court)*
)
Markwayne Mullin (DHS) Secretary;Pamela Bondi, Attorney General; )
)
_____ )
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.  (a) Your full name:  RAJPAL SINGH

    (b) Other names you have used:   N/A

2.  Place of confinement:

    (a) Name of institution:   PORT ISABEL DETENTION CENTER (PIDC)

    (b) Address:   27991 BUENA VISTA Blvd. Los Fresnos ,TX 78566

    (c) Your identification number:   095-395-344

3.  Are you currently being held on orders by:

    ☐ Federal authorities      ☐ State authorities      ☑ Other - explain:
    Immigration Customs Enforcement (ICE)

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:

        (a) Name and location of court that sentenced you:   N/A
        N/A

        (b) Docket number of criminal case:   N/A

        (c) Date of sentencing: _____

    ☑ Being held on an immigration charge

    ☐ Other *(explain):* _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:

    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❑ Pretrial detention

☑ Immigration detention

❑ Detainer

❑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❑ Disciplinary proceedings

❑ Other *(explain)*: _____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   PORT ISABEL IMMIGRATION COURT

27991 BUENA VISTA BLVD LOS. FRESNOS, TX 78566

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
US Immigration and Customs Enforcement refused to release me from detention after failing to

remove me in 90 days

(d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❑ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❑ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: I did not apply for secound apply because i am still on first appeal

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

   ☐ Yes                    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes          ☐ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: 10/07/2025

(b)   Date of the removal or reinstatement order: 10/03/2003

(c)   Did you file an appeal with the Board of Immigration Appeals?

☑ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing:   10/29/2003

(2) Case number:   095-395-344

(3) Result:   Denied

(4) Date of result:   03/22/2004

(5) Issues raised:   The attorney argued that the petitioner was in danger in his country, India at the time and would be killed if returned

(d)   Did you appeal the decision to the United States Court of Appeals?

☑ Yes   ☐ No

If "Yes," provide:

(1) Name of court:  US Court of Appeals for the 9th Circuit

(2) Date of filing:  04/29/2004

(3) Case number:  095-395-344

(4) Result:   Denied

(5) Date of result:  02/13/2006

(6) Issues raised:

12.   **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☑ Yes   ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:   Motion to Reopen (BIA)

(b) Name of the authority, agency, or court:   US Court of Appeals of the Ninth Circuit

(c) Date of filing:   02/16/2006

(d) Docket number, case number, or opinion number:   04-71911

(e) Result:   Denied

(f) Date of result:   07/17/2006

(g) Issues raised:

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.     State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:**    Violation of Fourth and Fifth Amendment Rights to the Constitution

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached supplemental with additional and specific details

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND TWO:**    Unlawful Detention, unlawful Revocation of Supervision, and Due process Violations

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached supplemental with additional and specific details

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND THREE:**    Violation of 8 U.S.C 1231 (a) (6)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached supplemental with additional and specific details

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do:  1). Assume Jurisdiction over this matter;

2). Issue a Temporary Restraining Order (TRO) and a preliminary injunction prohibiting Immigration and Customs

Enforcement (ICE) from transferring petitioner to another jurisdiction pending the resolution of petitioners

Habeas Corpus;  3). Issue an order directing Respondents to show cause why the Writ should not be granted;

4). Issue a Writ of Habeas Corpus ordering Respondents to release petitioner on his own recognizance or order of

Supervision, or  a low Bond ; and 5.) Grant any other relief which Court deems just and proper

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

3/25/26

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 3/25/26

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Page 9 of 9

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

**Rajpal Singh**


**Petitioner,**                                                        **No. A# 095-395-344**

**V.**

**Warden,**

**Port Isabel Detention Center**

**et al,**

**Respondents**


## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO U.S.C 2241


Petitioner, Rajpal Singh by and through this petition seeks a writ of Habeas Corpus seeking relief to remedy his unlawful detention by Respondents, which violate his Statutory rights and fourth and fifth Amendments to the constitution.

## INTRODUCTION

Petitioner challenges the legality of his re-detention after being released on supervision without the likelihood of removal in the foreseeable future. Petitioner was initially detained in September 2006 after his final order of removal. Petitioner was released under supervision after 6 months of detention because Government failed to obtain travel documents for him. India has consistently denied petitioner travel documents for the last 20 years. Petitioner has been under supervision for nearly two decades and has readily complied with the conditions of his release. Petitioner was re-detained on October 7, 2025 and the Government has repeatedly tried and failed to deport petitioner. It is now over 5 months and removal is unlikely in the foreseeable future due to the lack of travel documents which India has refused to issue. Petitioner has done interviews with the Indian authorities, filled out applications, reported on time for ICE check-ins, updated his contact and physical address and never committed a

Page 1 of 4

crime as required by the conditions of his release under supervision. Petitioner is not a flight risk or a danger to the community but rather a productive and contributing member of his Community. His detention is not justified under the constitution or the Immigration and Nationality Act (INA).

A few courts have held that the clock does not "start over" for the purposes of Zadvydas if the person is re-detained. See Villaneua v. Tate, 2025: Nguyen v. Scott, 2025: Sied v. Nielsen, 2018: Chen v. Holder, 2015. Surely the reasoning of Zadvydas, a series of releases and re-detention by the Government while technically not in the violation of presumptive reasonable jurisprudence, six months removal period in essence results in indefinite period of detention and petitioners re-detention is almost up-to six months again with no likelihood of removal in the foreseeable future. The Government has tried to deport petitioner over 12 times, bringing him to the airport and then back to different detentions which seem penal in nature, when his detention is civil. On January15, petitioner received "Notice to Alien of File Custody Review" detailing his 90 day review would occur on or about January 26, petitioner has however not received his post-detention and 90 day Review so far. Petitioners detention is in violation of his constitutional rights and no longer justified under the INA. Petitioner seeks an order from this court declaring his continued and prolonged detention unlawful and ordering respondents to release petitioner from their custody.

## CUSTODY

1. Petitioner is in physical custody of US Immigration and Customs Enforcement, The Department of Homeland Security, Warden Port Isabel Detention Center in Los Fresnos, Texas. At the time of filing this petition, petitioner is detained in Port Isabel Detention Center in Los Fresnos, Texas. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the constitution of the United States, the Immigration and Nationality Act (INA), 8 U.S.C. 1101 et. Seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), pub. L. No. 104-208, 110 Stat. 1570. This court has jurisdiction under 28 U.S.C. 2241, art .1, 9 cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. 1331, as petitioner is presently in custody under color of authority of the United States and such custody is in the violation of the U.S Constitution, laws, or treaties of the

Page 2 of 4

United States. This Court may grant relief pursuant to 28 U.S.C. 2241, and the All Writs Act, 28 U.S.C 1651.

## VENUE

3. Venue lies in the United States District Court for the Southern District of Texas, the judicial district in which Respondent, Warden, Port Isabel Detention center resides and where petitioner is detained.

## PARTIES

4. Petitioner Mr. Rajpal Singh (A# 095-395-344) is a citizen of India, who sought Asylum on December 15, 2001 and was given a removal order on October 3, 2003. He was detained for six months in 2006, pending execution of his final removal order. He is currently detained by respondents pursuant to 8 U.S.C 1231, which permits the DHS to detain aliens, such as petitioner, pending the execution of the aliens same removal order.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Petitioner has exhausted his administrative remedies to the extent required by law.

6. Petitioner has fully cooperated with Respondents and has not delayed or obstructed his removal.

7. Petitioner only remedy is by the way of this Judicial action.

## STATEMENTS OF FACTS

8. Petitioner entered the United States of America in 2001

9. In 2003, Immigration Judge issued a final order of removal. In 2006 petitioner was detained for approximately six months, Unable to remove the petitioner the Government released petitioner under supervision. Petitioner complied with all conditions of his release for nearly two decades.

10. On October 7, 2025 during a scheduled check-in with Ice, petitioner was detained.

11. Since being detained petitioner has been subject to multiple transfers to different detention centers and is currently being detained at Port Isabel detention Center.

12. Respondents despite numerous attempts have been unable to remove petitioner due to lack of a travel document.

Page 2 of 5

13. Petitioner has fully cooperated with Respondents efforts to obtain travel documents. In detention petitioner attended zoom meetings with Indian authorities to obtain travel documents to no avail.

14. Respondents have yet to review petitioners custody status despite providing a letter saying respondents would do so.

15. Petitioner has been in detention for over 5 months since his removal order in 2003. Respondents futile attempts to deport petitioner and continued detention despite it being clear that respondents are unable to remove him now and back in 2006.

16. Petitioner faces substantial risk of confinement in facilities that have been found to repeatedly raise serious health and safety concerns; significant overcrowding, pervasive unsanitary conditions, lack of basic hygiene resources, insufficient water and food, inadequate sleeping conditions, substandard medical care. Importantly the court must note petitioners health concerns and issues. Petitioner has fainted on multiple occasion, has cysts growing on his head. Petitioner is 50+ , diabetic and has high Blood pressure.  It is not the revolution but friction that causes a machine to break and that friction in humans is worry. Given the number of deaths in detention recently, petitioner is clearly worried and concerned about his wellbeing.

17. Petitioner is not a danger to the community but rather a contributing and productive member of the community. Petitioner is neither a flight risk. Petitioner has deep ties to the community, has two US Citizen children, various businesses and a house. Petitioner has every intention to straighten out his immigration status.

18. Prior to his arrest, Petitioner was working, paid his taxes and was providing for his family. His detention deprives his family of his presence, companionship, mentorship and income.

19. Respondents decision to detain petitioner is no longer legally justifiable and is arbitrary and capricious. Petitioner asks the court to consider the merits of the petitions request for release.

Page 4 of 4

## CLAIMS FOR RELIEF

## COUNT 1

## VIOLATION OF FOURTH AND FIFTH AMENDMENT RIGHTS TO THE CONSTITUTION

DHS/ICE lacked any statutory authority to take petitioner into custody, unless it was to execute an order of removal. DHS/ICE did not have a travel document for the petitioner when they detained petitioner in 2006, and now again on October 7, 2025 because India had repeatedly and consistently denied petitioner a travel document. It has been over 5 months and DHS/ICE still does not have a travel document to remove the petitioner. Therefore the detention lacks lawful justification and constitutes an unlawful seizure in violation of the Fourth Amendment to the US Constitution. Petitioners detention also violates the basic pillars of the fifth Amendment considering the perennial factors of Matthew v. Eldridge. Petitioners detention without the codified regulatory protection violates the constitution. Petitioner has the most elemental of liberty interests in being free from detention. The governments failure to follow the codified regulation creates a high risk of erroneous deprivation of that liberty and the Government has no interest in re-detaining non-citizens who have not violated the conditions of their supervision without a hearing already required by the law. The regulatory requirement for an "Informal Interview" after re-detention is the bare minimum procedural protection that the government is already required to provide. Petitioner was not provided with a post-detention or a 90 day review.

## COUNT 2

## DETENTION IS UNLAWFUL BECAUSE GOVERNMENT REVOKED MY SUPERVISION WITHOUT REGARD TO MY DUE PROCESS RIGHTS

Supervision can be revoked and non-citizen re-detained under two circumstances

1) Non-Citizen violated any of the conditions of his release which is not the case since I have always complied to every request made by the government; I have done multiple interviews with the Indian Embassy for travel documents to no avail. Always reported on time and have always updated my address as required.

2) Government indicates "changed circumstances" that indicate a significant likelihood that the alien may be removed in the reasonably foreseeable future. I have been on supervision for 19 years and all these years the Indian Government has consistently refused to issue me a travel document. I was detained in September 2006 and released after 6 months on supervision because they could not

procure travel documents for me to remove me. I was re-arrested in October 2025 and it has been over 5 months and they still do not have a travel document for me. I have been transported to the airport 12 times but the government has been unable to remove me due to the lack of travel documents. The nature of these actions are punitive when my detention is civil. I received a "Notice to Alien of File Custody Review" but have never received a response. I have also yet to receive my post-detention reviews. The governments failure to follow regulations set forth in 241.13 indicates unlawful detention. Courts have determined that where ICE fails to follow its own regulations in revoking supervision, the detention is unlawful and the petitioner release must be ordered.(Faysal N. V. Noem No. 25-cv-4641, 2026).

**COUNT 3**

**VIOLATION OF 8 U.S.C 1231 (a) (6)**

Petitioner has been detained by Ice Beyond the removal period authorized by this statute. After five (5) months of consecutive transfers to different detention centers and attempts at removal, ICE has failed to remove petitioner. ICE is unable or unwilling to provide any evidence that they are likely to remove petitioner in the reasonably foreseeable future. The burden of proof falls on the government and merely saying they are in the process does not justify detention. ICE has been trying for over two decades to procure travel documents for the petitioner and has failed to do so.

Page 2 of 2

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Instructions

1.  **Who Should Use This Form.** You should use this form if
    *   you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
    *   you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
    *   you are alleging that you are illegally detained in immigration custody.

2.  **Who Should Not Use This Form.** You should not use this form if
    *   you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
    *   you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
    *   you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3.  **Preparing the Petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

4.  **Answer all the questions.** You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

5.  **Supporting Documents.** In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6.  **Required Filing Fee.** You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7.  **Submitting Documents to the Court.** Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8.  **Change of Address.** You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

RAJPAL SINGH
A# XXX-XX5-344
PIDC ALPHA UNIT #1
27991 BUENA VISTA BLVD.
LOS FRESNOS TEXAS
78566

MAIL
United States District Court
Southern District of Texas

MAR 31 2026

RECEIVED
Nathan Ochsner, Clerk of Court

Security Notice
Visually Inspected & X-Rayed
Port Isabel Detention Center

2026 MAR 25 PM 9:54

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
600 E. HARRISON STREET #101
BROWNSVILLE, TEXAS 78520

B45751 07

RAJPAL SINGH
A# XXX-XX5-344
PIDC ALPHA UNIT #1
27991 BUENA VISTA BLVD.
LOS FRESNOS TEXAS
78566

2026 [illegible] 25 [illegible] 9:54

**MAIL**
United States District Court
Southern District of Texas

M[illegible] 3 1 2026

**RECEIVED**
*Nathan Ochsner, Clerk of Court*

Security Notice
Visually Inspected & X-Rayed
Port Isabel Detention Center

UNITED STATES DISTRICT COU
SOUTHERN DISTRICT OF TEX
UNITED STATES COURTHOUSE
600 E. HARRISON STREET #1
BROWNSVILLE, TEXAS 7852