**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **RAJPAL SINGH,** | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-362** |
| | § | |
| **WARDEN OF PORT ISABEL** | § | |
| **DETENTION FACILITY**, in his | § | |
| official capacity, *et al.*, | § | |
| Respondents. | § | |

**ORDER**

On March 31, 2026, Petitioner Rajpal Singh filed his "Petition for Writ of Habeas Corpus" (Singh's "§ 2241 Petition"). Dkt. No. 1. In his § 2241 Petition, Singh stated that he was being held at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. *Id.* at 1. On May 6, 2026, the Government filed its "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Government's "Response"). Dkt. No. 13. In its Response, the Government advised the Court that Singh is no longer being held at PIDC. *Id.* at 1. The Government states that on April 15, 2026, Singh was transferred to the Metropolitan Detention Center in Brooklyn, New York.[1] *Id.*

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 must be filed in the district where the prisoner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004). As a writ of habeas corpus acts upon the custodian, not on the prisoner

---

[1] The Court notes the Metropolitan Detention Center is located within Kings County, New York. *See* 28 U.S.C. § 112(c) ("The Eastern District [of New York] comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk...").

seeking relief, the court issuing such a writ must "have jurisdiction over the custodian." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

A district court has the authority to transfer a case in the interest of justice to another district or division in which the action might have been brought. 28 U.S.C. §§ 1404, 1406. Here, Petitioner is not confined in the Brownsville Division, and the detention he challenges has no ties to this judicial division. Under these circumstances, transfer is appropriate.

**ACCORDINGLY**, it is **ORDERED** that Singh's § 2241 Petition [Dkt. No. 1] be **TRANSFERRED** to the United States District Court for the Eastern District of New York. Further, the Clerk of Court is **DIRECTED** to **CLOSE** this case in this division.

This is a non-dispositive order on a pretrial matter, pursuant to 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a).[2]

**SO ORDERED.**

**SIGNED** on this **8th** day of **May, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**

---

[2] District courts throughout the Fifth Circuit have held that magistrate judges have the authority to decide a motion to transfer venue. *Leighty v. Stone Truck Line Inc.*, 2020 WL 85152, at *1 n. 1 (N.D. Tex. Jan. 6, 2020); *Smith v. Carl Zeiss SMT, Inc.*, 2007 WL 686874, at *1 (S.D. Miss. Mar. 5, 2007); *TravelPass Grp. LLC v. Caesars Ent. Corp.*, 2019 WL 4071784, at *1 (E.D. Tex. Aug. 29, 2019); *LNV Corp. v. Branch Banking & Tr. Co.*, 2013 WL 1694421, at *1 (N.D. Tex. Apr. 18, 2013) ("a motion to transfer venue is non-dispositive in nature"); *Lozada Leoni v. MoneyGram Int'l Inc.*, 2020 WL 428080, at *1, n. 1 (E.D. Tex. Jan. 28, 2020).